**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aaron Harvey Beitch,<br><br>           Plaintiff,<br><br>v.<br><br>Chris Magnus, *et al.*,<br><br>           Defendants. | No. CV-18-0067-TUC-BGM<br><br>**ORDER** |

Currently pending before the Court are Plaintiff's Motion to Defendants [sic] Answers to Production, Admission, and Interrogatories Request and Joint Settlement Conference ("Motion to Compel") (Doc. 46) and Motion for Court Ordered Production of Documents (Doc. 54). Defendants have responded to both motions. (Docs. 49 & 57).

**I.    MOTION RE: DEFENDANTS' DISCOVERY RESPONSES**

Plaintiff alleges that Defendants have "refused to numerous [sic] production requests on documents written by Tucson Police Sergeant David Hill and Officer Paulina Reed." Pl.'s Mot. to Compel (Doc. 46) at 2.[1] Plaintiff further asserts that Defendants have refused to produce the identity of an unidentified "suspect" standing on the porch and "being confronted by Tucson Police Department." *Id.* Plaintiff seeks a court order for production of this information. *Id.* Defendants assert that they "provided all reports related

---

[1] Page numbers refer to the Case Management/Electronic Case Filing (CM/ECF) pagination.

to Tucson Police Department's ("TPD") interaction with Plaintiff and the call to which officers were responding when they encountered Plaintiff." Def.'s Response re Mot. to Compel (Doc. 49) at 1 & City Defendants' Responses to Mandatory Initial Discovery (Exh. "1") (Doc. 49-1) at 8. Defendants state that Sergeant Hill did not author a supplemental report, and the supplemental report authored by Officer Reed was produced. Def.'s Response re Mot. to Compel (Doc. 49) at 2. Furthermore, Defendants do not know the identity of the non-party referenced on the body camera, noting that "TPD officers did not make any notes or reports regarding the non-party's identity." *Id.*

A party is only required to produce those documents which are in "the responding party's possession, custody, or control[.]" Fed. R. Civ. P. 34(a). "The party seeking production of the documents . . . bears the burden of proving that the opposing party has such [possession, custody, or] control." *United States v. Int'l Union of Petroleum and Indus. Workers, AFL-CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989). A court cannot order a party to produce documents or information that do not exist. *See Unilin Beheer B.V. v. NSL Trading Corp.*, 2015 WL 12698284, at *6 (C.D. Cal. Sept. 17, 2015) (recognizing the impossibility of compelling the production of non-existent documents, and finding sanctions based solely on speculation improper). Defendants have declared that Sergeant Hill did not write a supplemental report and that the City Defendants do not know the identity of the non-party seen on the body camera. As such, there is no information for the Court to compel.

## II. MOTION FOR PRODUCTION

Plaintiff's Motion for Court Ordered Production of Documents ("Motion for Production") (Doc. 54) is essentially a duplicate of his motion to compel (Doc. 46). "Once a motion is filed, filing a duplicate motion will not speed up the court's review of a movant's request since motions are generally addressed in the order which they were filed." *Tagle v. Nevada*, 2016 WL 6440423 at *2 (D. Nev. October 27, 2016). In fact, "filing duplicate motions increases the court's workload and generally delays decision while a

new round of responses and reply deadlines run." *Id.* Plaintiff is warned that filing duplicative motions may result in sanctions, including dismissal of his case. Plaintiff's Motion for Production will be denied for the reasons stated is Section I, *supra*.

### III. CONCLUSION

Based on the foregoing, the Plaintiff has not met his burden to show that Defendants have possession of the information that he seeks. Accordingly, IT IS HEREBY ORDERED that:

1) Plaintiff's Motion to Defendants [sic] Answers to Production, Admission, and Interrogatories Request and Joint Settlement Conference (Doc. 46) is DENIED; and

2) Plaintiff's Motion for Court Ordered Production of Documents (Doc. 54) is DENIED.

Dated this 3rd day of April, 2019.

_____
Honorable Bruce G. Macdonald
United States Magistrate Judge